## PIERCE *v.* PIERCE.

A written common-law award, upon a written submission, cannot be impeached in an action at law upon it by extraneous evidence, nor in any proceeding, simply for the allowance of claims barred by the statute of limitations.

ASSUMPSIT, to recover the balance due on two notes signed by the defendant, payable to the order of Franklin Pierce, deceased, and endorsed by his executor to the plaintiff.   Plea, general issue. There was an indorsement of a partial payment on each of the notes, which the evidence tended to show was made in pursuance of the written common-law award of a referee mutually chosen by the defendant and the executor.   The defendant claimed and offered to testify that the referee erroneously and illegally allowed claims against him to the estate which were barred by the statute of limitations, and that thereby the amount found due him from the estate, and indorsed on the notes, was much smaller than it ought to have been ; but the testimony was excluded, and the defendant excepted.   He also proposed to ask the executor whether the referee did not allow such claims, and excepted to the exclusion of the question.

Verdict for the plaintiff.   Motion for a new trial, which was denied, and thereupon a bill of exceptions was filed and allowed.

*Cross*, for the plaintiff.

The defendant, *pro se.*

BLODGETT, J.   *Truesdale* v. *Straw*, 58 N. H. 207, is a decisive authority against the defendant ; but, without regard to that case, we think there is no ground for holding that a common-law award can be impeached in any proceeding, simply for the allowance of claims barred by the statute of limitations.

*Exceptions overruled.*

STANLEY, J., did not sit : the others concurred.